IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOIS M. CLINGER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:16-cv-00116 <br><br> Judge Algenon L. Marbley <br><br> Mag. Judge Terence P. Kemp |

**STIPULATED PROTECTIVE ORDER**

The parties to this case agree that certain proprietary, confidential, or sensitive information that may be disclosed in discovery in this case should be kept confidential. The parties further agree that, absent unresolvable disputes or the need to use such information in publicly filed pleadings or at trial, the confidentiality of such information should not involve the Court's review. The parties also agree on the terms and procedures to implement the protection of trade secret and proprietary information, as well as other confidential, commercial, business, financial, or personal information (collectively referred to as "CONFIDENTIAL INFORMATION"). After reviewing the agreed terms and procedures, the Court ORDERS:

1. **Definitions.**

    1.1 **CONFIDENTIAL INFORMATION.**

    The term "CONFIDENTIAL INFORMATION" means trade secret or other proprietary or confidential research, development, commercial, financial, or personal information that, if disclosed without compliance with the terms of this Stipulated Protective Order, could result in harm to a party's business or personal interests. The term "CONFIDENTIAL INFORMATION" includes,

1

but is not limited to, proprietary research and development information, certain corporate financial information, sensitive business or competitive information, health information, and personnel records.

**1.2    Party and Parties.**

The term "party" means Lois M. Clinger or Transamerica Premier Life Insurance Company.

**1.3    Producing Party.**

The term "producing party" means a party or non-party voluntarily or involuntarily providing documents or tangible things as part of discovery in this case.

**1.4    Requesting Party.**

The term "requesting party" means a party seeking the production of documents or tangible things as part of discovery in this case.

**1.5    Designating Party.**

The term "designating party" means a party or non-party asserting that documents or tangible things constitute or contain CONFIDENTIAL INFORMATION and stamping or otherwise marking the documents or other materials as confidential pursuant to subparagraph 2.2 below.

**1.6    Objecting Party.**

The term "objecting party" means a party challenging the validity of another party's designation of documents or tangible things as confidential pursuant to subparagraph 2.2 below.

**1.7    Competitor**

The term "competitor" means any entity or person that performs the same or similar services as a party to this case.

**1.8**     **Documents and tangible things**

The terms "documents" and "tangible things" have the same meanings as those terms are used in Rule 34 of the Federal Rules of Civil Procedure.

**2.**     **Initial Designations.**

    **2.1**     **Good-Faith Claims** Claims of confidentiality will be made only if a party has a good-faith belief that documents or other tangible things or information are entitled to protection from disclosure. Any objection to such a claim pursuant to Paragraph 4 below shall also be made only in good faith.

    **2.2**     **Produced Documents** A party producing documents or tangible things that it believes constitute or contain CONFIDENTIAL INFORMATION shall produce copies clearly designated as such by stamping or marking each page of the documents or materials as "Confidential" or by some other reasonable notation calling attention to the confidential nature of the document.

    **2.3**     **Interrogatory Answers** If a party answering an interrogatory believes that the answer contains CONFIDENTIAL INFORMATION, the party shall set forth that answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as produced documents and tangible things under subparagraph 2.2. The answers to interrogatories shall reference the separately-produced document containing the confidential answer. The document shall not be attached to the answers to interrogatories. The separate document shall be deemed to be verified by the signature of the responding party applicable to the answers to interrogatories.

2.4     **Inspections of Documents**If a party elects to produce documents and tangible things for inspection, and the requesting party elects to inspect them, the producing party shall designate CONFIDENTIAL INFORMATION in accordance with subparagraph 2.2 at the time copies of the documents and tangible things are produced. For purposes of the inspection, all documents and tangible things provided for inspection shall be considered to be designated as CONFIDENTIAL INFORMATION.

2.5     **Production in Electronic Form**If a party elects to produce in electronic form documents or other information that contains CONFIDENTIAL INFORMATION, the producing party shall ensure the electronic documents or information contain designations of CONFIDENTIAL INFORMATION pursuant to subparagraph 2.2, so that if any electronic information is printed, the designation will appear on the printed copy.

2.6     **Depositions**Within 21 days after the receipt of a deposition transcript, a party may inform any other party of the portions of the transcript it designates as CONFIDENTIAL INFORMATION. Until the 21 days have elapsed, deposition transcripts in their entirety are to be considered CONFIDENTIAL INFORMATION. All parties in possession of a copy of a designated deposition transcript shall appropriately label or mark it as containing CONFIDENTIAL INFORMATION.

3.     **Designations by Party Other than Producing Party**     If a party other than a producing party believes that a producing party has produced a document that contains or constitutes CONFIDENTIAL INFORMATION of such other party, it may designate the document as CONFIDENTIAL INFORMATION by so notifying all parties in writing within 21 days of receipt of the document.

4.     **Objections to Designations**  If a party disagrees with the designation of any information as CONFIDENTIAL INFORMATION, the objecting party must notify counsel for the designating party in writing. Any such written objection may be made at any time prior to the final pretrial. Within 14 days of the date of the written notification, the designating and objecting parties shall confer in person or by telephone and engage in a good-faith attempt to resolve the matter on an informal basis. If the parties cannot resolve the dispute, the objecting party may file a motion with the Court seeking an order or declaration that the information at issue is CONFIDENTIAL INFORMATION. The designating party shall bear the burden of establishing that the information at issue is CONFIDENTIAL INFORMATION. In all instances of objections to designations, all documents and tangible things designated as CONFIDENTIAL INFORMATION shall continue to be subject to this Stipulated Protective Order and remain protected unless and until the Court rules that they are not protected.

5.     **Handling Prior to Trial**

   5.1    **Authorized Disclosures – Parties**The parties to this Stipulated Protective Order shall not disclose or disseminate documents or other information designated CONFIDENTIAL INFORMATION except as set forth in this Stipulated Protective Order. Aside from the disclosures discussed in subparagraph 5.2 below, disclosure or dissemination of CONFIDENTIAL INFORMATION shall be limited to the parties, counsel of record for the parties, counsel's investigators, and counsel's legal and clerical assistants, the Court, Court personnel, and stenographic, videotape, and clerical personnel.

   5.2    **Authorized Disclosures** CONFIDENTIAL INFORMATION may be disclosed only to the following persons on a need-to-know basis, and only after having obtained a written agreement

from such person (in the form of an affidavit attached as Exhibit A) that he or she has been advised of the existence of this Stipulated Protective Order and agrees to be bound by its terms:

    a. Testifying or consulting experts and their staff who are consulted by counsel for a party to this case;

    b. Any insurer, employee, or agent of a party to this case;

    c. A witness, but only during or in preparation for a deposition in this case;

    d. Employees of any entity retained by a party to copy, organize, code, image, convert, store, or retrieve documents, data, or other information in connection with this case; and

    e. Any other person who is designated by agreement of all parties or by Order of the Court.

Disclosures under this subparagraph 5.2 are authorized only to the extent necessary to prosecute or defend this case. Before disclosing CONFIDENTIAL INFORMATION to any authorized person who is a competitor (or an employee of a competitor) of a party, the party wishing to make such disclosure shall give at least 14 days written notice to all other parties, stating the names and addresses of the person to whom the disclosures will be made, and identifying with particularity the documents to be disclosed. If, within the 14 day period, any party objects to the proposed disclosures, disclosure is not authorized unless and until the Court orders otherwise.

    **5.3** **Maintenance of Affidavits** The written affidavits required before authorized disclosure of CONFIDENTIAL INFORMATION to the persons or entities described in subparagraph 5.2 shall be maintained by counsel for the disclosing party until 90 days after the conclusion of this case.

    **5.4** **Unauthorized Disclosures** If CONFIDENTIAL INFORMATION is disclosed to any person or entity other than in the manner authorized by this Stipulated Protective Order, the party responsible for the unauthorized disclosure shall immediately bring the disclosure to the attention

of the designating party. Without prejudice to any other rights and remedies of the designating party, the responsible party shall make every reasonable effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent any further disclosure of the CONFIDENTIAL INFORMATION.

   **5.5**  **Court Filings**If any CONFIDENTIAL INFORMATION must be filed with the Court prior to trial, the party filing the CONFIDENTIAL INFORMATION shall do so pursuant to this Court's procedures and Local Rule 5.2.1.

   **5.6**  **Use and Disclosure of Public Domain Materials**This Stipulated Protective Order governs use, dissemination, and disclosure of properly designated CONFIDENTIAL INFORMATION only. It does not affect in any way the rights of the parties to use, disseminate, or disclose materials legitimately obtained either from the public domain or from a source other than the discovery process in this case.

**6.**  **Use of CONFIDENTIAL INFORMATION at Hearings and Trial.** Prior to any party's reasonably anticipated use of CONFIDENTIAL INFORMATION in a hearing or at trial, that party shall notify the Court and the designating party of the intended use. The designating party shall have the right to request that the Court take steps to ensure the continued confidentiality of the CONFIDENTIAL INFORMATION. Such a request is subject to the Court's discretion and may be granted upon a showing of good cause and only to the extent necessary to preserve legitimate confidentiality concerns.

**7.**  **No Implied Waivers.**

   **(a)**  The entry of this Stipulated Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the production of information in response to discovery

requests, to the use or admission of any information at a pretrial hearing or trial, or to a requested inspection of documents, things, or facilities.

**(b)** The inadvertent failure by a producing party to designate a document or testimony or other information as CONFIDENTIAL INFORMATION shall not constitute a waiver of such party's right to subsequently designate the document, testimony, or other information when the error is discovered. Any such designation shall be effective when communicated in writing to counsel for the receiving party. No party will be deemed to have violated any provision of this Stipulated Protective Order by treating or handling such information as non-confidential prior to the receipt of written notification of the failure to designate the information as CONFIDENTIAL INFORMATION. In addition, the written notification does not impose an obligation to retrieve any documents or tangible things that have otherwise been properly disseminated to any third party prior to receipt of the written notification. If, however, the documents or tangible things at issue can reasonably be retrieved so that all copies or versions can be properly designated, the parties agree to make good-faith efforts to do so.

**(c)** The inadvertent production of documents or tangible things that contain privileged information or work product shall not be deemed a waiver, either in whole or in part, of a party's claim of privilege or work-product protection. Any party receiving any such information shall return it upon request from the producing party. Upon receiving such a request as to specific documents or information, the receiving party shall return the documents or other information within seven days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.

**9. Protected Health Information.**

If at any time in these proceedings a producing party is required to produce protected health information, as that term is used in the Health Insurance Portability and Accountability Act, the parties may submit an addendum to this Order governing the terms of any such production.

**10.** **Effective Date.**

The provisions of this Stipulated Protective Order are binding on the parties from the date of execution.

**11.** **Handling Upon Conclusion of Case** All parties and persons to whom disclosure was made under subparagraph 5.1 are ordered to destroy or return all CONFIDENTIAL INFORMATION (including any CONFIDENTIAL INFORMATION disclosed by such party or person pursuant to subparagraph 5.2) to counsel for the designating party within 90 days of the conclusion of this case.

**12.** **Miscellaneous.**

**(a)** Each person given access to CONFIDENTIAL INFORMATION shall keep it secure and take all reasonable actions necessary to preserve the confidentiality of the information and ensure that access is limited to the persons and for the uses authorized under this Stipulated Protective Order.

**(b)** Counsel for any party producing CONFIDENTIAL INFORMATION shall have the right to exclude from any deposition any person (other than the deponent, court reporter, and any videographer), who is not allowed access by this Stipulated Protective Order to CONFIDENTIAL INFORMATION. This right to exclude shall apply only to periods of examination or testimony discussing or disclosing CONFIDENTIAL INFORMATION.

**(d)** The procedures established by this Stipulated Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection or relief from

the Court regarding any issue addressed in this Order. This Stipulated Protective Order is without prejudice to the right of any party to apply to the Court at any time for modification of, or exception to, this Stipulated Protective Order. Further, nothing in this Stipulated Protective Order requires any party to produce CONFIDENTIAL INFORMATION in breach of another confidentiality agreement, protective order, or other third-party contract.

**(e)** Any designating party shall be entitled to all remedies existing under law and equity in the event of any unauthorized disclosure of CONFIDENTIAL INFORMATION, or any other violation of this Stipulated Protective Order, by either a receiving party or any person to whom a receiving party has disclosed CONFIDENTIAL INFORMATION.

**(f)** The terms of this Stipulated Protective Order shall not terminate at the conclusion of this case, but shall continue in full force and effect.

IT IS SO ORDERED.

```
                                /s/ Terence P. Kemp
                                H̶O̶N̶.̶ ̶A̶L̶G̶E̶N̶O̶N̶ ̶L̶.̶ ̶M̶A̶R̶B̶L̶E̶Y̶
                                United States Magistrate Judge
```

DATED: July 8, 2016

APPROVED:

/s/ Michael W. DeWitt
Michael W. DeWitt (0066896)
FOX & FOX LAW CO., LPA
140 North High Street
Gahanna, Ohio 43230
Telephone: (614) 532-3046
mike@foxandfoxlawco.com

SIDLEY AUSTIN LLP
Joel S. Feldman (admitted *pro hac vice*)
Eric S. Mattson (admitted *pro hac vice*)
Tara Amin (admitted *pro hac vice*)
One South Dearborn St.
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: jfeldman@sidley.com
emattson@sidley.com
tamin@sidley.com

*Attorneys for Defendant Transamerica Premier Life Insurance Company*

/s/ Todd B. Naylor
Jeffrey S. Goldenberg (0063771)
Todd B. Naylor (0068388)
Goldenberg Schneider, LPA
1 West 4th Street, 18th Floor
Cincinnati OH 45202
Telephone: (513) 345-8291
Facsimile: (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-law.com

Daniel L. Bryant, Esq. (0090859)
Bryant Legal, LLC
1457 S. High St.
Columbus, OH 43215
Telephone: (614) 704-0546
Facsimile: (614) 573-9826
dbryant@bryantlegalllc.com

*Attorneys for Plaintiff*

## EXHIBIT A – ACKNOWLEDGMENT

I,_____, have reviewed the Stipulated Protective Order entered in *Clinger v. Transamerica Premier Life Insurance Company*, No. 2:16-cv-116 (S.D. Ohio), and I agree to abide by its terms. I understand that Confidential Information may not be disclosed except as permitted in the Stipulated Protective Order and that all Confidential Information must be destroyed or returned to the producing party within 90 days after the resolution of this case.

Name:_____

Date:_____